J-S44013-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| HASHIEM R. CLARK, | |
| Appellant | No. 3507 EDA 2015 |

Appeal from the Judgment of Sentence Entered November 6, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):
CP-51-CR-0011008-2013
CP-51-CR-0012346-2013
CP-51-CR-0012348-2013
CP-51-CR-0012350-2013
CP-51-CR-0012373-2013
CP-51-CR-0013661-2013

BEFORE: BENDER, P.J.E., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.: **FILED SEPTEMBER 01, 2017**

Appellant, Hashiem R. Clark, appeals from the judgment of sentence of an aggregate term of 25 to 50 years' incarceration, imposed after a jury convicted him of various offenses, including aggravated assault and robbery. On appeal, Appellant challenges the admission of certain evidence. After careful review, we affirm.

Briefly, Appellant and his cohort, Raheem Riggins, were charged in six separate cases stemming from their armed robberies of several victims, two

of whom Appellant and/or Riggins sexually assaulted.[1]  All six cases were consolidated, and Appellant and Riggins were tried together as codefendants.

> On February 4, 2015, following a jury trial…, Appellant was convicted of: five (5) counts of Robbery; one (1) count each of Aggravated Assault, Burglary, Firearms Not to Be Carried without a License, and Carrying Firearms on Public Streets in Philadelphia; and nine (9) counts of Criminal Conspiracy (to commit Robbery ([five] [(]5[) counts]), Rape, Aggravated Assault, Burglary, and Indecent Assault).
>
> On November 6, 2015, upon review of the pre-sentence investigation report and consideration of all relevant facts and circumstances of this case, th[e trial c]ourt sentenced Appellant to an aggregate term of 25 to 50 years' incarceration.  He subsequently appealed,[2] and th[e c]ourt ordered him to file a Concise Statement of Matters Complained of on Appeal in accord with Pa.R.A.P. 1925(b).  Counsel for Appellant timely complied.

TCO at 1.  The trial court filed a detailed Rule 1925(a) opinion on October 18, 2016.

In Appellant's brief, he presents the following three issues for our review:[3]

---

[1] For a detailed recitation of the facts of Appellant's six cases, **see** Trial Court Opinion (TCO), 10/18/16, at 2-16.

[2] Appellant's appeal (filed on December 3, 2015) was initially dismissed by this Court for failure to file a brief.  He subsequently filed a petition to reinstate his appeal, which we granted.

[3] Appellant sets forth five issues in his Statement of the Questions Involved, **see** Appellant's Brief at 6, but he explicitly abandons two of those claims in the Argument portion of his brief, **see id.** at 11, 12-13.  Therefore, we do not reproduce those issues herein.

A. Did [the] trial court commit error when it permitted witness Jenny Smith to discuss hearsay evidence?

[B.] Did the trial court commit error when it permitted the detective to make an in-court identification based upon viewing a video which depicted an incident which he did not personally observe?

[C.] Did the trial court commit error when it permitted the detective to opine on the mental health of [] Appellant where he lacked any experience in this area?

Appellant's Brief at 6 (unnecessary capitalization and emphasis omitted).

Appellant's first issue challenges the trial court's admission of certain testimony by Jenny Smith, a forensic nurse examiner. Pertinent to Appellant's claim on appeal, Ms. Smith testified about information recorded in a standard rape kit that she prepared for one of Appellant's victims, J.H.,[4] as follows:

[The Commonwealth:] During your questioning of [J.H.], did you ask her if she's able to provide any identifying information of the assailants?

[Ms. Smith:] Yes. We did ask for a brief description of the assailant.

[The Commonwealth:] And did [J.H.] give you a description?

[Ms. Smith:] Excuse me. I'll look through the chart. Yes, on Page 4.

[The Commonwealth:] And what was that description that she gave?

[Ms. Smith:] She described two males, both black, both --

[Appellant's Counsel:] I would just object.

---

[4] We have replaced the sexual assault victim's name with initials for purposes of confidentiality.

The Court: Overruled.

…

[The Commonwealth:] You may answer that.

[Ms. Smith:] ***She described two males, both approximate age of 30's. [B]oth were black, and both were wearing hoodies.***

TCO at 18-19 (quoting N.T. Trial, 1/29/15, at 127) (emphasis added).[5]

Despite not raising a specific objection at the time of trial, Appellant now avers (in a five-sentence argument) that Ms. Smith's above-emphasized testimony was inadmissible hearsay. In regard to how he was prejudiced by the admission of this evidence, Appellant offers the following two sentences:

> Applying the facts to the law, it was unfairly prejudicial to [Appellant] to allow Smith to testify regarding the description of [J.H.'s] assailants. [Appellant] was not able to effectively cross-examine the hearsay statements and he was prejudiced by his inability to confront the witness against him.

***Id.***

Appellant's undeveloped argument is insufficient to demonstrate that the trial court committed reversible error in allowing Ms. Smith's at-issue testimony. Preliminarily, the trial court explains in its Rule 1925(a) opinion that Ms. Smith's testimony was admissible under the 'business records' exception to the rule prohibiting hearsay. ***See*** TCO at 20 (citing Pa.R.E. 803(6); ***Commonwealth v. Hemingway***, 534 A.2d 1104, 1107 (Pa. Super.

---

[5] Appellant did not ensure that the transcript from trial on January 29, 2015, was included in the certified record, and this Court's Prothonotary's Office was not able to locate that transcript. Thus, we will accept the trial court's reproduction of Ms. Smith's testimony, to which Appellant does not object.

1987)).  Appellant does not offer any challenge to the court's decision in this regard; thus, he has failed to demonstrate that the court abused its discretion in admitting Ms. Smith's testimony under this hearsay exception. *See Commonwealth v. Young*, 989 A.2d 920, 924 (Pa. Super. 2010) ("Questions concerning the admissibility of evidence lie within the sound discretion of the trial court, and a reviewing court will not reverse the trial court's decision absent a clear abuse of discretion.")  (citation omitted).

In any event, Appellant's cursory claim that he was prejudiced by the admission of Ms. Smith's testimony is also unconvincing.  Notably, the declarant of the hearsay statement, J.H., took the stand at Appellant's trial, thus providing him with the opportunity to cross-examine her about the information she gave to Ms. Smith during the preparation of the rape kit. Furthermore, the Commonwealth stresses that Appellant "*confessed* to participating in the burglary" of J.H.'s residence, and "a video surveillance tape from the night of the crime … showed [Appellant] and co-conspirator [] Riggins approaching [J.H.'s] home, and leaving with bags in their hands." Commonwealth's Brief at 16-17 (citations to the record omitted; emphasis in original).  Additionally, "Riggins' girlfriend … identified [Appellant] from [that] tape." *Id.* at 17 (citations to the record omitted).  We agree with the Commonwealth that, considering this evidence, J.H.'s general description of her assailants (as admitted through the testimony of Ms. Smith) was merely cumulative.  *Id.* at 16.  Therefore, even if the trial court erred in admitting Ms. Smith's at-issue testimony, that error was harmless.  *See*

- 5 -

*Commonwealth v. Allshouse*, 36 A.3d 163, 182 (Pa. 2012) (deeming an error in the admission of certain evidence harmless, where that evidence was merely cumulative of other properly admitted evidence).

In Appellant's next issue, he avers that the trial court improperly allowed "the detective to make an in-court identification based upon viewing a video which depicted an incident which he did not personally observe." Appellant's Brief at 11 (unnecessary capitalization and emphasis omitted). Again, Appellant's argument (which consists of five sentences) is woefully undeveloped, as he does not even identify **which** detective's testimony he is challenging, nor cite to what exact testimony was improperly admitted. Because these defects impede our meaningful review of Appellant's argument, his second issue is waived for our review. **See Commonwealth v. Hardy**, 918 A.2d 766, 771 (Pa. Super. 2007), *appeal denied*, 940 A.2d 362 (Pa. 2008) ("When briefing the various issues that have been preserved, it is an appellant's duty to present arguments that are sufficiently developed for our review. … [W]hen defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived.") (citations omitted).

Moreover, Appellant's second issue is waived for two other reasons, as well. First, Appellant now concedes that the testimony by 'the detective' was admissible, but he contends that the court should have provided a cautionary jury instruction. However, Appellant does not cite to where in the record he **requested** such an instruction. Consequently, he has waived his

argument that the court erred by not issuing one. ***See*** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.")); ***see also Commonwealth v. Bryant***, 855 A.2d 726, 739 (Pa. 2004) ("Failure to request a cautionary instruction upon the introduction of evidence constitutes a waiver of a claim of trial court error in failing to issue a cautionary instruction.") (citations omitted).

Second, we agree with the Commonwealth that Appellant has also waived his claim regarding the court's failure to issue a cautionary instruction because he did not specifically assert that issue in his Rule 1925(b) statement. Therein, Appellant declared: "The [c]ourt committed error when it permitted the Detective to make an identification based upon viewing the video in-court despite the fact he did not personally observe the incident. This usurped the jury's role." Appellant's Pa.R.A.P. 1925(b) Statement, 7/1/16, at 1. Appellant did not mention any issue pertaining to the court's failure to provide a cautionary jury instruction. Accordingly, Appellant's argument is waived on this basis, as well. ***See*** Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.").

In Appellant's third and final issue, he asserts that the trial court erred by admitting what essentially amounted to an expert opinion by a lay witness. Specifically, the Commonwealth questioned Detective Waring about Appellant's physical appearance and demeanor during the detective's interview of Appellant, as follows:

[The Commonwealth:] When you first set eyes on [Appellant], did he appear to be in any pain or physical discomfort?

[Detective Waring:] No.

[The Commonwealth:] Did he appear to be under the influence of drugs, alcohol, or medication?

[Detective Waring:] No.

…

[The Commonwealth:] **I know you're not an expert, but to your view, did he appear to be suffering from any mental illness or mental issues?**

[Defense Counsel:] Objection.

THE COURT: Overruled.

[Detective Waring:] **No.**

[The Commonwealth:] In your time as a police officer, have you come into contact with people who seem to be suffering from mental illness or mental issues?

[Detective Waring:] Yes.

[The Commonwealth:] Okay.  And he didn't appear like that at all?

[Detective Waring:] No.

[The Commonwealth:] Okay.  Did you notice any marks or bruises or anything on him indicating that he was physically injured?

[Detective Waring:] No.

N.T. Trial, 1/30/15, at 174-75 (emphasis added).

Appellant now claims that the above-emphasized question by the Commonwealth and response by Detective Waring constituted impermissible expert testimony by a lay witness.  In the trial court's opinion, it explains that it permitted Detective Waring's at-issue testimony because in its view,

- 8 -

that testimony did ***not*** constitute an expert opinion. The court emphasizes that, "the Commonwealth simply questioned the detective on Appellant's faculties at the time of his statement to establish that [the statement] was knowingly and voluntarily given…." TCO at 25. The court also concludes that "Detective Waring did not offer a medical 'opinion[,'] but simply provided a common sense perception as to whether Appellant 'had his wits' to give a knowing and voluntary statement." ***Id.*** at 27.

Appellant offers absolutely no challenge to the court's reasoning. Moreover, while he recognizes that a lay witness may give an opinion under certain circumstances, as set forth in Pa.R.E. 701, Appellant offers no discussion of why Detective Waring's testimony was beyond the bounds of that rule. Instead, Appellant simply states that "the [d]etective was asked to give an opinion about the mental state of [Appellant] when [the detective] was interviewing him[,]" and he then proceeds directly into a discussion of why the detective's allegedly expert opinion caused him prejudice. Appellant's Brief at 12. Without any developed discussion of why the trial court erred by considering Detective Waring's testimony as an admissible opinion by a lay witness, Appellant has not demonstrated that the court's decision was an abuse of discretion.

Nevertheless, we also point out that Appellant has not demonstrated that he was prejudiced by the at-issue testimony, to the extent that a new trial is warranted. In this regard, Appellant's entire argument is as follows:

> Although the detective answered in the negative, it created the impression that [Appellant] had some lingering mental illness, otherwise why would the question be asked? Further, the defense never questioned [Appellant's] mental health or brought this up as a defense. The question should never have been asked in the first place because the detective's experience did not lend itself to the area of mental health.

Appellant's Brief at 12.

Notably, Appellant does not elaborate on - nor cite any legal authority to support - how the Commonwealth's question, and Detective Waring's answer, created an 'impression' that Appellant was mentally ill. Indeed, it is clear from the above-quoted portion of Detective Waring's testimony that the Commonwealth asked the at-issue question in order to demonstrate that Appellant was **not** mentally ill when he was interviewed by the detective. Therefore, given the context of the Commonwealth's question, and the detective's answer that Appellant did **not** seem mentally ill, we are unconvinced by Appellant's assertion that the jury was left with an 'impression' that he was mentally ill. In other words, Appellant has not demonstrated that he was prejudiced by the admission of Detective Waring's testimony, even if it was an impermissible expert opinion by a lay witness.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/1/2017